IN THE MATTER OF THE PETITION OF GEORGE E. KIRK, RELA-
TIVE TO THE BANKRUPTCY OF THOMAS B. ENTWISLE AND
GEORGE O. BARRON.

{ Decided February 25, 1884.
{ Justices Cox and JAMES sitting.

1. Whether the general superintending power granted by section 4986,
R. S. U. S., to the Circuit Court of the United States over questions
arising in the District Court, when sitting as a court of bankruptcy, is
possessed also by this court sitting in General Term over the Special Term
when holding a court of bankruptcy, *quære.*

2. But even though this court possesses such power, it cannot interfere,
except on appeal, to review an order passed by the Special Term holding a
court of bankruptcy, when such order is appealable.

3. By section 772, R. S. D. C., any order passed in a cause by any special
term of this court, is appealable to the General Term without regard to
the amount involved, if it affect the merits of the controversy; hence,
the provision of the Bankrupt Act providing for appeals from the district
courts to the circuit courts, where the matter involved is over five hundred
dollars, does not apply to this court, for a general act does not apply to a
case which is governed by a special act.

THE CASE is stated in the opinion.

H. O. CLAUGHTON for petitioner.

WALTER D. DAVIDGE and HENRY WISE GARNETT, *contra.*

Mr. Justice JAMES delivered the opinion of the court.

In the case of the petition of George E. Kirk, filed in this
court, in the matter of the bankruptcy of Thomas B. Entwisle
and George O. Barron, it is shown in the petition and the
papers in the case, which were also submitted to us, that
Mr. Edwards, as assignee of Entwisle & Barron, filed a bill
praying that certain conveyances of property held by Mrs.
Entwisle should be set aside and the property treated as
assets of the bankrupt Entwisle, on the ground that the
latter had paid the purchase money, and had caused the
conveyances to be made to her in fraud of his creditors. A
decree was made in General Term setting aside the convey-
ances and declaring the property assets of the bankrupt.
From that decree an appeal was taken to the Supreme
Court of the United States. While that appeal was pending,

an offer was made by counsel in behalf of Entwisle and Mrs. Entwisle to surrender to the assignee without further litigation certain specified pieces of the property involved in the suit of the assignee.

Under section 5061 of the Revised Statutes the assignee proceeded to entertain this proposition. That section provides that the assignee, under the direction of the court, may submit any controversy arising in the settlement of demands against the estate, or of debts due to it, to the determination of arbitrators to be chosen by him and the other party to the controversy, and under such direction may compound and settle any such controversy by agreement with the other party as he thinks proper and most for the interest of the creditors. The assignee, without undertaking to act on his own responsibility, made a report of that offer to the justice sitting in bankruptcy, and an order *nisi*, followed by an absolute order, was made, confirming the arrangement and instructing him to accept the proposition, on the theory that Mrs. Entwisle, holding certain property which was claimed to be assets by the assignee, came within the provision of a debtor to the estate, and that this power of arbitration, under the direction of the court, applied where there was that kind of indebtedness by a party who had to account for property instead of money.

No appeal was taken from that order to the General Term, but one of the creditors, Mr. Kirk, filed his petition here on the theory that the general supervising jurisdiction of the circuit courts throughout the United States, over questions of bankruptcy arising in the district courts, belonged to the Supreme Court of the District of Columbia in General Term, over the special term holding a court of bankruptcy. The question whether the grant of the powers of the circuit courts to this court, found in the Revised Statutes for the District of Columbia, includes this power, was very learnedly discussed, and the court was urged to settle the general question whether this court, sitting in General Term, can exercise this power. As there was some difference of opinion upon this question, we have concluded that it is

not necessary for us to decide it, because we think the matter may be disposed of upon another ground.

It is provided by the Bankruptcy Act, section 4986, that the circuit court for each district shall have general superintendence and jurisdiction of all cases and questions arising in the district court for such district, when sitting as a court of bankruptcy, whether the powers and jurisdiction of a circuit court have been conferred on such district court or not; and except when special provision is otherwise made, may, upon bills, petition, or other proper process of any party aggrieved, hear and determine the case as in a court of equity; and the powers and jurisdiction hereby granted may be exercised either by the court in term time, or in vacation by the circuit justice or by the circuit judge. ·

It was held, in the case of Smith *vs.* Mason, 14 Wallace, 419, that where there was a special provision for a review of the case, as, for example, by appeal,  the circuit courts could not exercise this direct and original jurisdiction and supervision.    Mr. Justice Clifford, in delivering the opinion of the court, said:

" The power to revise all cases and questions which arise in the district courts in such a proceeding, except when special provision is otherwise made, is conferred upon the circuit courts by the first clause of the same section; but the court is of opinion that the power conferred by that · clause does not extend to any case where special provision for the revision of the case is otherwise made; as where it is provided that an appeal will lie from the district court to the circuit court."

Under that ruling we must hold that if an appeal will lie from this order, the General Term, even if it possess this superintending power, cannot exercise it in this case.    It must come up by appeal.    The general bankrupt law provides for appeals from the district courts to the circuit courts, where the matter involved is over $500.    We cannot apply that to this court, because a general act does not apply to a case which is provided for and regulated by a special act.    It is a principle which has been asserted since Coke's

time, that a special statute applicable to a particular case shall govern that, although a later general rule which might have included all cases has been passed. Now, this court has a law of its own as to appeals. By section 772, R. S. D. C., any order pronounced at any special term of this court, may be reviewed here on appeal without reference to the amount involved, if it affects the merits of the case, and is not a mere interlocutory order. It was argued that the *case* means the case of the bankrupt. But a case of bankruptcy contains a great many cases, that are involved in and become a part of the case of the bankrupt estate, and an order passed in reference to any of them, would be appealable if affecting the merits. The order, however, complained of in this petition seems especially to be an order which affects the merits of the whole matter. It affects the merits of the bankrupt's settlement, and consequently the case of all the plaintiffs. We think it is quite clear that an appeal could have been sustained from this order, since it affects the quantity of assets of the bankrupt, and that, therefore, under the ruling in Smith *vs.* Mason, we are not at liberty to pass upon it.

Of course we say nothing about the merits of the order. We are not at liberty to do so upon a motion to dismiss a petition for want of jurisdiction. We only decide that we cannot take supervision in a case which could have been appealed. For these reasons the petition is dismissed.